UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA, 10CR195(2) (JNE/JJK)

        Plaintiff,

v. **ORDER**

DONALD W. KRAUSE,

        Defendant.

---

This case is before the Court on defendant Donald Krause's petition to correct his sentence pursuant to 28 U.S.C. § 2255 (2006 & Supp. V 2011) and motion for release pending resolution of this appeal. For the reasons set forth below, the Court denies Krause's § 2255 petition without an evidentiary hearing because the record conclusively shows that Krause is not entitled to relief. Consequently, the Court denies Krause's motion for release as moot.

I.    BACKGROUND

Krause and his two co-defendants, Richard Sand and Brenda Epperly, were charged by indictment with wire fraud and money laundering. (Dkt. 1.) A superseding indictment was returned, and in it Krause was charged with aiding and abetting wire fraud in violation of 18 U.S.C. § 1343 (count 1) and with aiding and abetting money laundering in violation of 18 U.S.C. § 1957 (count 14). (Dkt. 82.) In count 1, the superseding indictment alleged that Krause, through his company, purchased real property and soon thereafter signed a purchase agreement with Sand's elderly mother for a price that was nearly double what Krause originally paid for the property. After receiving a false loan application that was submitted in the name of Sand's mother, a financial institution released loan funds to a company that closed real estate

1

transactions that was owned by Epperly. Epperly disbursed a portion of the loan proceeds to Krause prior to closing, and Krause used the loan proceeds to purchase multiple cashier's checks, one of which Sand's mother used for the down payment at closing. This process, the superseding indictment alleges, was done with two properties. With one property, Bank of America issued two loans of approximately $1,000,000 each, and with the other property, Dream House Mortgage issued the loan funds.[1] In count 14, the superseding indictment alleges that Krause aided and abetted money laundering when he purchased a cashier's check.

Krause signed a plea agreement on March 28, 2011, and in a plea hearing, Krause pled guilty to both counts. Prior to the sentencing, the government moved for a downward departure pursuant to 18 U.S.C. § 3553 and U.S. Sentencing Guidelines § 5K1.1 because Krause provided substantial assistance to the government in the prosecution of his co-defendants. At the sentencing hearing, the Court determined that the bottom of the advisory guideline range for Krause's sentence was 37 months' imprisonment. However, the Court granted the government's motion for a downward departure and sentenced Krause to 18 months' imprisonment on each count to be served concurrently. The Court also ordered Krause to pay restitution jointly and severally with his co-defendants in the amounts of $1,100,000 to Bank of America and $189,481.54 to US Bank.

Krause filed a notice of appeal but moved to dismiss his appeal two months later. This case is now before the Court on Krause's Motion to Correct Sentence Per 28 U.S.C. § 2255 (Dkt. 166), Supplement to Original Motion to Correct Sentence Per 28 U.S.C. § 2255 (Dkt. 171), Supplemental Filing in Support of Motion to Correct Sentence (Dkt. 177), and Motion to Release Pending Appeal in Accord with 18 U.S.C. § 2255. (Dkt. 167.)

---

[1] Dream House Mortgage is now defunct and its successor is US Bank.

## II. ANALYSIS

Section 2255 provides that a federal prisoner may collaterally attack his sentence on the ground that the sentence was imposed in violation of the Constitution or federal law. 28 U.S.C. § 2255(a). Although a prisoner is entitled to an evidentiary hearing under § 2255, a petition can be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

### A. Ineffective Assistance of Counsel

In the § 2255 petition, a prisoner may raise a claim for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on such a claim, a petitioner must show deficient performance and prejudice from that deficiency. *Alaniz v. United States*, 351 F.3d 365, 367–68 (8th Cir. 2003). To show deficient performance, the defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "There is a strong presumption that counsel's performance fell within the range of reasonable professional assistance." *Pierce v. United States*, 686 F.3d 529, 531 (8th Cir. 2012) (quotation omitted). To prove prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Krause argues that his counsel was ineffective for failing to challenge sentencing enhancements under U.S.S.G. § 2B1.1(b)(1)(I) (2010), specifically, the amount of Bank of America's loss. Under U.S.S.G. § 2B1.1(b)(1)(I), Krause received a sentencing enhancement because the amount of loss was between $1,000,000 and $2,500,000. *See* U.S.S.G. §

3

2B1.1(b)(1)(I). But Krause stipulated that the loss amount was between $1,000,000 and $2,500,000 in his plea agreement. And at the plea hearing, the Court asked Krause if the amount of loss in the plea agreement was correct, and Krause said yes. (Dkt. 151 at 10.) A defendant is bound by promises made in a plea agreement. *See United States v. His Law*, 85 F.3d 379, 379 (8th Cir.1996) (per curiam); *see also United States v. Barrett*, 173 F.3d 682, 684 (8th Cir. 1999) ("A defendant may not challenge an application of the Guidelines to which he agreed in a plea agreement (unless he proves the agreement invalid or succeeds in withdrawing from it)."). Krause does not assert ineffective assistance with respect to his plea agreement; in fact, Krause stated at the plea hearing that his attorney had done a "very" good job of representing him. (Dkt. 151 at 13.) Because Krause stipulated to the amount of loss in the plea agreement and is not alleging ineffective assistance with respect to the plea agreement, Krause cannot show that his counsel acted unreasonably by abiding by the terms of the plea agreement. *See United States v. Krzyzaniak*, No. 12-1524, 2013 WL 68888, at *1 (8th Cir. Jan. 8, 2013) (rejecting defendant's argument that district court relied on an inaccurate loss amount in calculating a sentence because defendant stipulated to that loss amount in his plea agreement); *Schlichting v. United States*, 355 Fed. App'x 84, 84–85 (8th Cir. 2009) (holding that defendant could not show ineffective assistance for failing to object to sentencing enhancement when defendant stipulated to enhancement in plea agreement and did not assert ineffective assistance with respect to the development of the plea agreement); *Ritchie v. United States*, No. 4:11CV2138, 2012 WL 946841, at *4 (E.D. Mo. Mar. 20, 2012) (rejecting defendant's argument that counsel was ineffective for failing to object to enhancements when defendant stipulated to enhancements in plea agreement and counsel's objection to those enhancements would have been a breach of the agreement).

### B. Restitution

Krause also challenges the amount of restitution to Bank of America and to US Bank.[2] But challenging an order for restitution is beyond the scope of a § 2255 petition. *See United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (not allowing a federal prisoner's "challenge to the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody").

### C. Breach of Promise

Krause argues that the government failed to keep its promise of moving for a reduction in his sentence for three acts of cooperation. Krause states that one of the acts of cooperation occurred before he was indicted, and he asks that the government file a Rule 35(b) motion asking the court to reduce his sentence because of his pre-indictment cooperation. But Rule 35(b) only applies in cases where "the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). Here, Krause acknowledges in his own motion that his cooperation occurred before sentencing; therefore, Rule 35(b) does not apply.[3] Krause also states that the government promised him credit for two other

---

[2] Krause also argues that the Court did not have jurisdiction over any loss sustained by US Bank because US Bank is the successor to the original lender, and the original lender was not insured by the Federal Deposit Insurance Corporation. Krause fails to show how the original lender not being insured by the FDIC removes this Court's jurisdiction over the charges against Krause for aiding and abetting wire fraud and aiding and abetting money laundering.

[3] If the substantial assistance occurs before sentencing, the government may file a motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 requesting a downward departure on the defendant's sentence. The plea agreement stated: "[Krause] has agreed to cooperate with law enforcement authorities in the investigation and prosecution [of] co-conspirators and other suspects. This cooperation includes, but is not limited to, being interviewed by law enforcement agents, submitting to a polygraph examination if the government deems it appropriate, and testifying truthfully at any trial or other proceeding involving co-conspirators and/or other suspects." The agreement then provided that if Krause rendered "substantial assistance" while cooperating with the government, the government would file a § 5K1.1 motion for a downward departure at the time of sentencing. The government did file a § 5K1.1 motion for Krause's

5

acts of cooperation that occurred after he was sentenced and requests that the government file a Rule 35(b) motion to reduce his sentence because of those acts of cooperation. However, other than his bare assertion in his petition that the government made the promises, Krause presents no evidence of those promises. "A mere allegation of an 'understanding' or 'promise' without some documentation or statement in the court record is insufficient to merit an evidentiary hearing much less a Rule 35 hearing." *Bischel v. United States*, 32 F.3d 259, 264 (7th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 184 (1992)). Without evidence of the government's promises—beyond Krause's assertions in his petition—the Court cannot determine whether the promises existed or whether the government breached its promises. *See id.* (noting that when there is an agreement for the government to move for a sentence reduction based on defendant's substantial assistance, both the government and the defense attorneys have a duty to memorialize the agreement in a letter and make it part of the court record).

### D. Actual Innocence

Krause asserts that he is innocent. He attaches his affidavit where he makes statements that are directly contrary to statements and admissions he made at his plea hearing. He asserts that he had no criminal intent and was unaware that his co-defendants committed fraud. He also claims that the funds his company received from Epperly were legitimate proceeds from a sale that could be used for a down payment; he states that he had a conversation with a Bank of America loan officer where the loan officer told Krause that the source of the down payment did

---

assistance in the prosecution of his co-conspirators; the Court granted that motion and gave Krause a significant downward departure on his sentence. The plea agreement does not mention any promise the government made with Krause about any motion for a downward departure based on any pre-indictment cooperation. Moreover, Krause acknowledged at the plea hearing that no other promises had been made to him that were not contained in the plea agreement. (Dkt. 151 at 14.) Krause's assertion about the existence of a promise about his pre-indictment cooperation is contradicted by the record.

not matter. Krause submits an email from the loan officer to support his assertion that the conversation occurred, but the email says nothing about the source of the down payment. Although Krause now claims he is innocent, his sworn statements and admissions about his guilt during his plea hearing "carry a strong presumption of verity." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). He presents nothing to overcome the presumption of truth except mere allegations of innocence and an email that does not support his assertion that a loan officer told him the source of the down payment did not matter. *See Dunn v. Wyrick*, 679 F.2d 731, 733 (8th Cir. 1982) (not requiring district court to conduct an evidentiary hearing on allegations that are no more than bare contradiction of statements defendant made when defendant pled guilty). At no time during the plea hearing did Krause assert his innocence, and he has not claimed his innocence until now, more than 18 months after his plea hearing. For these reasons and those set forth in the government's response to Krause's § 2255 petition, the Court denies Krause's petition.

Krause also filed a Motion to Release Pending Collateral Appeal/Habeas Corpus Petition Per 28 U.S.C. § 2255. (Dkt. 167.) Because the Court denies Krause's § 2255 petition, the Court need not decide Krause's motion for release. Therefore, the motion for release is denied as moot.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (2006). Here, Krause has not demonstrated that reasonable jurists would find the rejection of his claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Thus, the Court declines to grant him a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Krause's § 2255 motion [Docket No. 166 in Crim. No. 10-195(2)] is DENIED.

2. Krause's motion for release [Docket No. 167 in Crim. No. 10-195(2)] is DENIED AS MOOT.

3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: January 9, 2013

<u>s/Joan N. Ericksen</u>
JOAN N. ERICKSEN
United States District Judge